IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

WILLIAM T. WULIGER, Receiver,

       Plaintiff,      Case No. 3:04 CV 260

 -vs-

                MEMORANDUM OPINION

JAY BOCK,

       Defendant.

KATZ, J.

   This matter is before the Court on the *pro se* Defendant's motions to dismiss and Plaintiff's response thereto.  For the reasons stated below, Defendant's motions are denied.

### BACKGROUND

   This is one of many cases arising out of viatical insurance litigation which has been ongoing since 1999, resulting in two investor classes and multiple criminal convictions.  *See Liberte v. Capwill,* Case No. 5:99 CV 818 (N.D. Ohio).  In that case Liberte Capital Group ("Liberte") and Alpha Capital Group ("Alpha") charged that James A. Capwill ("Capwill"), through the entities Viatical Escrow Services, LLC ("VES") and Capital Fund Leasing ("CFL"), unlawfully diverted investor funds escrowed for insurance premiums or awaiting placement in viatical contracts.   The Court-appointed General Receiver, Victor M. Javitch[1] ("Javitch"),

---

[1] Initially Frederick M. Luper was appointed Receiver on July 15, 1999; however, effective July 26, 2000, Javitch replaced Luper in that capacity.  On August 3, 2004, pursuant to a Court order, the duties of the General Receiver were modified, transferred and assumed by the Alpha Receiver, William T. Wuliger.  (*Liberte*, Doc. No. 2243.)

initiated suits against agents, brokers, brokerage houses, banks and various insurers all with an eye towards marshaling assets on behalf of the investors, the ultimate victims in this debacle.

In this instant action, the Receiver (now William T. Wuliger) initiated this case against Jay Bock, who is alleged to have entered into a representative agreement and solicit individuals to invest in viatical settlements offered by Liberte. The specific allegations include as follows: (1) violations of the Securities Act of 1933, 15 U.S.C. § 77; (2) violations of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b); (3) common law fraud; (4) fraud in the inducement; (5) breach of contract; (6) unjust enrichment; (7) civil conversion; (8) breach of fiduciary duty; (9) intentional or negligent mispresentation; and (10) violations of the Investment Advisors Act of 1940, 15 U.S.C. §§ 80b-3, 80b-4, 80b-6, and 80b-15.

In his motions[2] to dismiss, the Defendant contends the Court lacks personal jurisdiction and asks for dismissal of this action.

## **PERSONAL JURISDICTION**

On a motion to dismiss for lack of personal jurisdiction, the Court treats the allegations contained in Plaintiff's complaint, affidavits, and depositions as true, and resolves any factual dispute in Plaintiffs' favor. *Welsh v. Gibbs*, 631 F.2d 436, 438-39 (6th Cir. 1980), *cert. denied*, 450 U.S. 981 (1981); *Gold Circle Stores v. Body Maven, Inc.*, 711 F. Supp. 897, 899 (S.D. Ohio 1988). Plaintiff bears the burden of making a *prima facie* showing that the Court has jurisdiction over the person of each Defendant to the action.

In support of its motion, the *pro se* Defendant advocates a lack of sufficient minimum contacts with Ohio insofar as Plaintiff is unable to establish the existence of either general or

---

[2] The Defendant filed duplicate motions to dismiss (Doc. Nos. 7 and 9).

specific jurisdiction. The Plaintiff provides a full response to the Defendant's challenge under *International Shoe v. Washington,* 326 U.S 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), and correctly notes the Sixth Circuit's position where there exists a basis for nationwide service of process. *Medical Mut. of Ohio v. deSoto,* 245 F.3d 561 (6th Cir. 2000).

Where statutory authority exists for national service of process, a national contacts test is altered with the minimum contacts analysis applying to the United States versus the forum state under *International Shoe*. 326 U.S. at 567. While the situation in *deSoto* involved ERISA, the Sixth Circuit used the national service provision pertaining to the Securities Exchange Act of 1934 as an example, which is equally applicable here. That provision states in pertinent part:

> Any suit or action to enforce any liability or duty created by this chapter or rules and regulations thereunder, or to enjoin any violation of such chapter or rules and regulations, may be brought in any such district or in the district wherein the defendant is found or is an inhabitant or transacts business, and process in such cases may be served in any other district of which the defendant is an inhabitant or wherever the defendant may be found.

15 U.S.C. § 78aa. Application of a nationwide service statute has been deemed "as broad as the limits of due process under the Fifth Amendment." *In re Automotive Refinishing Paint Antitrust Litig.,* 358 F.3d 288, 299 n13 (3d Cir. 2004) (collecting cases including *United Liberty Life Ins. Co. v. Ryan,* 958 F.2d 1320, 1330 (6th Cir. 1993)). As noted by the Sixth Circuit in *deSoto*:

> [W]hen a federal court exercises jurisdiction pursuant to a national service of process provision, it is exercising jurisdiction for the territory of the United States and the individual liberty concern is whether the individual over which the court is exercising jurisdiction has sufficient minimum contacts with the United States. [] This reading of the Due Process Clause, in addition to being not inconsistent with the Court's statements in Insurance Corp. of Ireland, is supported by its more recent explanation of the Clause's effect. "The Due Process Clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful 'contacts, ties, or relations.' "

> *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985).

245 F.3d at 567-568. *See also Obee v. Teleshare, Inc.,* 725 F.Supp. 913, 915 (E.D. Mich. 1989).

While Defendant disputes he has engaged in business or have a presence in the state of Ohio, he does not dispute the factual contention that he is a resident of the United States. Accordingly, the Plaintiff has established personal jurisdiction over the Defendant.

## CONCLUSION

For the reasons stated above, Defendant's motion to dismiss (Doc. Nos. 7 and 9) are denied. The Court will conduct a case management conference by telephone on February 23, 2006 at 10:15 a.m. Defendant shall advise the Court of the telephone number where he can be reached. The Court can be reached at (419) 259-7488.

IT IS SO ORDERED.

                                                         s/ *David A. Katz*
                                                   DAVID A. KATZ
                                                   SENIOR U. S. DISTRICT JUDGE